## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                          **3:05cr110/LAC**
                                                 **3:07cv519/LAC/MD**

**JAMES CLINTON McCORVEY**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 97).  Defendant also filed supplemental authority and a motion to expand the record.  (Doc. 105, 109).  The government has filed  responses to the original motion and to the motion to expand the record (doc. 107, 113) and the defendant has filed a traverse  (doc. 111).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.


## BACKGROUND

The facts as set forth in the PSR, to which defendant did not object, are that on August 16, 2005 a confidential informant made a controlled purchase of 4.3 grams of cocaine from the defendant in the defendant's home. (PSR ¶9). Based on an ongoing investigation and the controlled purchase from August 16, on August 19,

2005 a search warrant was obtained for defendant's home.  Among other items seized from the home were three cans with false bottoms that contained approximately 16 grams of cocaine, 22 grams of marijuana, two digital scales and a loaded .357 Magnum firearm.  (PSR ¶ 10).

Defendant was charged in a two count indictment with possession with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm by a convicted felon.  (Doc. 1).  The indictment listed two prior felony convictions, one for felony battery and one for possession of a controlled substance.   The government also filed a notice of enhancement information listing only the prior conviction for possession of a controlled substance (doc. 4), although it later filed a notice listing two convictions.  (Doc. 50).  Defendant was represented by Thomas. S. Keith of the Office of the Federal Public Defender.

Early in the proceedings, counsel filed a motion for psychiatric exam, due to concerns about the defendant's competency to assist in his defense.  (Doc. 12).  The court granted the order, and the defendant was found competent to stand trial.  The PSR reflects that the psychologist who performed the evaluation found that "the defendant does not suffer from any mental disease or defect which renders him incompetent to understand the nature and consequences of the proceedings against him, nor incompetent to assist properly in his defense or knowingly enter a plea of guilty."   (PSR ¶ 6; see also Doc. 111, psychological evaluation appended to defendant's traverse).

The government filed a notice of intent to introduce evidence of two of defendant's prior convictions pursuant to Fed.R.Evid. 404(B) (doc. 15).  One was a 2002 conviction for a controlled substance offense and the other was a 1994 conviction for possession of a firearm by a convicted felon.

Defendant moved to suppress evidence seized during a search of his residence, claiming that the search warrant affidavit did not sufficiently establish probable cause for the search and that the officers conducting the search violated

the "knock and announce" requirement of the Fourth Amendment.  (Doc. 16).  He submitted an affidavit stating that he did not sell cocaine to anyone at his residence on August 16, 2005, contrary to the statement made in the search warrant affidavit. (Doc. 19, exh. 1).[1]  His motion to suppress evidence and motion for *Franks* hearing were denied after a hearing. (Doc. 16-22).

Defendant also filed a motion to have the identity of confidential informant revealed to the defendant or have the court conduct an in camera interview of informant. (Doc. 27).  In the motion defendant sought to have the court determine whether the CI would testify in support of defendant's position that he personally did not sell cocaine to anyone on August 16, 2005, as alleged by investigating officers. (Doc. 27 at 1).  The government opposed the motion, contending that the CI was not present on August 19, 2005, the date of the conduct charged in the indictment, and that the information provided by the CI was only used to obtain the search warrant, and thus the identity of the CI should not be revealed.  (Doc. 30).  The court denied the motion at trial.  (See doc. 47).

Defendant was convicted after a jury trial at which he did not testify.  (Doc. 38 & 39).  His motions for a new trial and for post-trial judgment of acquittal (doc. 44 & 45) were denied.  (Doc. 48 & 49).

The PSR attributed a base offense level of 20 to the defendant. (PSR ¶ 17).  His offense level was increased by four due to his possession of a firearm, and by another two levels due to his obstruction of justice, for a total offense level of 26. (PSR ¶¶ 18, 21, 24).  However, pursuant to § 4B1.4(a) defendant qualified as an armed career criminal, and his base offense level was therefore 34 (PSR ¶¶ 25 & 26). The defendant had a criminal history category of VI due to his status as an armed career criminal and the fact that he possessed a firearm in connection with a controlled substance offense.  (PSR ¶ 51).

---

[1]This affidavit was later used as the basis for an obstruction adjustment.

Defendant filed written objections to the adjustments for possession of the firearm and obstruction of justice.  Counsel also objected that the indictment did not allege the necessary prior convictions under the ACCA simply to preserve the issue, even though there was no case law to substantiate his position.  (PSR ¶ 132).

On April 24, 2006, 6 weeks after the jury's verdict, the government filed a notice of enhancement information indicating that defendant was subject to enhanced penalties under 18 U.S.C. § 924(e) because of three prior felony convictions.  (Doc. 50).  The convictions in question were two battery convictions and one controlled substance offense.[2]

Sentencing took place on May 23, 2006.  Counsel maintained his objection that the defendant's offense level pursuant to § 4B1.4(a) should be 33 rather than 34, because  there was insufficient proof of defendant's use or possession of a firearm in connection with the offense conduct.  (Doc. 76 at 2-5). The court overruled the objection.   (*Id.* at 5).   Counsel's objection to the obstruction adjustment for defendant's filing a false affidavit was also overruled.  (*Id.* at 5-7).  Finally, even while recognizing the current futility of his argument, counsel preserved an objection to whether the defendant was properly sentenced under the ACCA, in the event that the Supreme Court changed the law with respect to proving prior convictions.  (Doc. 76 at 7-9).  When given the opportunity to address the court, defendant insisted that the controlled buy that led to the search warrant did not happen.  (*Id.* at 10-12).  The court sentenced defendant to a term of 294 months imprisonment, at the mid-point of the applicable guidelines range, followed by six years of supervised release, a fine of $800, and a special monetary assessment of $200.

Defendant appealed, represented by Chet Kaufman also of the Office of the Federal Public Defender.  On appeal he challenged the admission of testimony about

---

[2]The controlled substance offense was not the same offense listed in the notice of enhancement information filed on October 21, 2005 to establish that defendant was subject to increased penalties under 21 U.S.C. §§ 841 and 851.  (Doc. 4).

his two prior convictions and testimony regarding his income,[3] the failure to instruct the jury on the lesser included offense of personal use, whether the firearm was "in connection with" drug distribution and whether the district court plainly erred in imposing sentence.  The Eleventh Circuit found with respect to the admission of evidence that, even if there was error, the error was harmless.  It further found that the trial court did not abuse its discretion in failing to give the lesser included jury instruction, upheld the imposition of a fine, and rejected the defendant's remaining two claims without discussion.  (Doc. 86).

In the present motion, defendant contends that he should not have been sentenced as an armed career criminal, and that both trial and appellate counsel were constitutionally ineffective.

## LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649,

---

[3]An agent testified at trial that he found no legitimate source of income for the defendant. (Doc. 86 at 3).

91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

## Armed Career Criminal Enhancement

Defendant first contends that he should not have been sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) because his prior state offenses do not qualify as "predicate offenses."   Defendant asserts that these "unverified convictions" were "furnished by the PSR" (Memo at 4), and there was no other evidence of them in the record.  He thus claims that he is "actually innocent" of the

ACCA classification, citing *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

Defendant's claim was not raised on direct appeal and is therefore procedurally barred.  It is well settled that a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

In this case, defendant attempts to argue "actual innocence" under *Shepard*, supra. His reliance on *Shepard* is misplaced however.  In *Shepard*, the Court was faced with the question of how to determine whether a prior guilty plea to a burglary offense was properly counted as a predicate offense under the ACCA.  Specifically, the Court considered whether a sentencing court could look to police reports or complaint applications to determine whether a previous guilty plea supported a

conviction for "generic burglary."  The Court held that it could not, and that the
sentencing court was limited to examining the statutory definition, the charging
document, written plea agreement, transcript of plea colloquy and any explicit
factual findings by the trial judge to which the defendant assented.  544 U.S. at 16;
125 S.Ct. at 1257.  Defendant contends that the sentencing court's reliance on the
PSR in his case was error as the PSR is not among the evidentiary sources
approved by the Court in *Shepard* for judicial factfinding with respect to a prior
conviction.

Defendant's argument is both factually and legally mistaken.  First, the PSR
did not contain the only record evidence of defendant's prior conviction.  The
government attached copies of the state court judgments with respect to the three
convictions at issue to its notice of enhancement information filed before
sentencing. (Doc. 50).  Second, no judicial factfinding was necessary as none of the
three convictions in question were, as in *Shephard*, burglaries that might be subject
to different interpretations based on the underlying facts.  Rather, they were clearly
violent felonies or serious drug offenses.  Thus, even if his argument were not
procedurally barred, he would not be entitled to relief.


Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are generally not cognizable on direct
appeal and are properly raised by a § 2255 motion regardless of whether they could
have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503,
123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290
F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1
(11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant
must demonstrate both that counsel's performance was below an objective and
reasonable professional norm and that he was prejudiced by this inadequacy.
*Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984);
*Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000);

*Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008); *United States v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have

been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.

*Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

With these standards in mind, the court considers each of defendant's ineffective assistance of counsel allegations in turn.

### Ineffective assistance of Trial Counsel

#### 1.  Motion to suppress

Defendant claims that trial counsel failed to make a fourth amendment objection to admission of evidence by "fumbling" what should have been a successful motion to suppress evidence.   The alleged "fumbling" had two components.  First he asserts that counsel failed to thoroughly challenge the search warrant application, which was lacking in probable cause and would not have survived the "good faith exception."

As noted above, defense counsel filed a motion to suppress raising exactly the claim defendant now raises, that the search warrant affidavit did not sufficiently establish probable cause for the search. (Doc. 16).  Defense counsel Tom Keith filed an affidavit at the government's request, and asserts that he did not believe he could raise a meritorious argument that the affidavit did not establish probably cause on its face, as caselaw consistently holds that a recent controlled buy from a residence suffices to establish probable cause.  (Doc. 107, exh. 2).  Because the defendant told him that no controlled buy had occurred as claimed in the search warrant affidavit, and was willing to sign an affidavit to this effect, counsel filed a motion for a *Franks* hearing.   The court held a hearing on the motion, at which investigators Reginald Bruster and Robert Quinata of the Escambia County Sheriff's Office testified.   (Doc. 73 & 74).  The court specifically found that the affidavit presented in support of the application for the search warrant presented probable cause because of the

controlled buy and that even if there was no probable cause, "there certainly was a good faith exception here." (Doc. 73 at 7-8). The court also found that law enforcement reasonably relied on the search warrant. Defendant does not state what else counsel could or should have done to change the outcome of the proceeding in this respect.

Second, he contends that counsel "failed to require the presence of the confidential informant or compel the CI's identity at the suppression hearing." He notes that the CI was the only individual in a position to amplify or contradict the testimony of the government witnesses, and reiterates his arguments in support of the importance of the CI's identity. Contrary to what defendant seems to suggest, defense counsel did not disagree with his client's assessment of the importance of learning the identity of the CI. In fact, counsel asked that the CI's identity be revealed at the start of the hearing. (Doc. 73 at 2, 7). The court denied the motion after hearing testimony presented by the government (*id.* at 7). Before the close of the hearing, defense counsel  noted the court's denial of the motion, but asked the court to consider an in camera interview of the CI to verify that there was indeed a CI. The court denied that request as well. (*Id.* at 8).

After the hearing, defense counsel filed a written motion to have the identity of the CI revealed to the defendant or have the court conduct an in camera interview of the informant. (Doc. 27). The defendant reiterated his argument and cited a then-recent, albeit unpublished, case which addressed the issue of revealing the identity of confidential informants. *United States v. Young*, 2006 WL 93214 (11th Cir. Jan. 17, 2006). This motion, opposed by the government (doc. 30), was also denied. (Doc. 47). However, the court informed the government that it *would* compel the production of the CI if the government introduced testimony at trial about the controlled buy. Defense counsel states that he does not know "what more [he] could have done to try to have the CI revealed or produced." (Doc. 107, exh. 2 at 2). The court concurs that counsel's performance was not constitutionally inadequate.

**2.  Inadequate pre-trial investigation, failure to pursue all avenues of defense**

Defendant's second claim that counsel's pretrial investigation was inadequate also has multiple components.  First, defendant appears to raise a general claim that counsel failed to investigate and was not properly loyal to his client.  He offers precious little of substance in support of this claim.  He suggests that Mr. Keith "obviously assumed petitioner to be guilty," which is a conclusory statement with no factual basis.  He also complains that Mr. Keith failed immediately to interview the informant so that he could formulate a defense.  As noted above, Mr. Keith made several efforts to learn the CI's identity, to no avail, and there is nothing in this court's review of the record suggesting that he should be faulted for the court's denial of his motion. Discussion of the more specific claims follows.

**a.  Failure to properly cross-examine Investigator Bruster**

Defendant claims that counsel's cross-examination of Investigator Bruster was constitutionally deficient.  At trial, Escambia County Sheriff's Investigator Reginald Bruster testified about his role in the search of the defendant's home with respect to the charged offense conduct. (Doc. 75 at 12-24).  On direct examination the witness was asked whether, pursuant to his investigation, he was able to find any legitimate source of income for the defendant.  (*Id.* at 4).  He said that he was not.  (*Id.*)  After the conclusion of this witness's testimony,  defense counsel moved to approach the bench. (*Id.*)  Mr. Keith moved for a mistrial based on this line of questioning that had occurred over his objection,[4] arguing that the answer to the question must have been based on hearsay, rather than the witness's personal knowledge.  (*Id.* at 23-24).  Counsel stated that he "didn't want to touch it because [he didn't] know where it would go," but wanted to move for a mistrial.  (*Id.* at 24).  The court denied the motion, indicating that counsel could have cross-examined the witness to determine his sources and how he knew or if he knew.  (*Id.*).  On appeal,

---

[4]The objection itself is not reflected in the transcript of the proceedings.

the Eleventh Circuit rejected defendant's argument that the district court's admission of this testimony was an abuse of discretion.  (Doc. 86 at 11-12).  The appellate court held that Bruster had personal knowledge, based on his investigation, and that his testimony therefore satisfied Fed.R.Evid. 602.  Defendant now contends that counsel's failure to question the witness about the basis of his knowledge about defendant's sources of income resulted in "inaccurate and prejudicial information" being brought before the jury.

Although defendant complains about counsel's "failure to investigate," he does not explain what such an investigation would have revealed, or how it would have helped his case in light of what the Eleventh Circuit described as "overwhelming" evidence against him.  (Doc. 86 at 12).  The court notes that the defendant reported to the probation officer that he was self-employed as a Disc Jockey from 2003 until his arrest in 2005, with net monthly earnings totaling $1,200. (PSR ¶ 89).  However, this amount appears to be based on nothing more than the assertions of the defendant, as the PSR also reflects that neither the Social Security Administration nor the IRS had record of an earnings history or a tax return being filed from 2002 through 2004.  (PSR ¶¶ 96, 97).  Furthermore, even if a legitimate source of income for defendant existed, this does not foreclose the possibility that he was also engaged in the sale of controlled substances.  He has not shown counsel's performance was either deficient or prejudicial in this respect.

### b.  Lack of preparedness for trial

In addition to counsel's alleged failure to properly cross-examine, defendant asserts that his attorney conducted a "fishing expedition" with government witness Bruster essentially allowing the witness to reiterate the government's evidence with respect to details of the search executed at defendant's home.  Defendant describes counsel as "ill prepared" and having "intentionally sabotaged" his case due to "the turbulent attorney/client relationship."  (Memo at 17).  He does not explain his basis

for describing the attorney/client relationship in this manner, and in light of the evidence against defendant at trial, and the brevity of Bruster's testimony, the court does not find the line of questioning cited in defendant's memorandum to have altered the outcome of the trial.

Defendant also complains that counsel did not give an opening statement, suggesting that this is tantamount to an admission of guilt.   The government responds by noting, without citation, that "[r]eserving the presentation of an opening statement by defense counsel is often a measure employed by experienced counsel and the defendant has made no demonstration with credible evidence that such a strategy was unreasonable under the circumstances of this case."   Defense counsel's affidavit does not address his decision not to make an opening statement. However, there is abundant caselaw holding that failure to make an opening statement does not alone constitute ineffective assistance of counsel.  *Clayton v. Gibson*, 199 F.3d 1162, 1178 (10th Cir. 1999); *Stouffer v. Reynolds*, 168 F.3d 1155 (10th Cir. 1999); *United States v. Williams*, 195 F.3d 823, 827 (6th Cir. 1999) ("there was nothing unusual about the decision to reserve the opening statement until after the close of the government's case"); *LaGrand v. Stewart*, 133 F.3d 1253 (9th Cir. 1998) (reasonable strategic decision by trial counsel to reserve opening statement until after hearing state's evidence, even if he ultimately decided not to put on any witnesses and thus waived opening statement); *United States v. Rodriguez-Ramirez*, 777 F.2d 454, 458 (9th Cir.1985) (the timing of opening statement, including the decision on whether or not to make one, is a trial tactic and does not constitute a basis for a claim of ineffective assistance); *Hunt v. Nuth*, 57 F.3d 1327, 1332 (4th Cir. 1995) (reserving opening statement is a tactical decision within the range of reasonably competent representation).   An opening statement is sometimes described sort of a "roadmap" for the jury to follow.  Defendant has not shown how such a "roadmap" would have altered the destination of this case.

One possible reason for not giving an opening statement is to avoid telegraphing defense theories to the prosecution which could allow it to change or alter its case in chief so as to minimize the theories of defense, or the risk that the defense can undermine the government's case.  *See Davis v. Zant,* 36 F.3d 1538, 1548 (11th Cir. 1994); *Stouffer,* 168 F.3d 1163.  On the other hand, the absence of an opening statement, in some situations, could suggest a lack of discernible effort by counsel to present a defense.  *Stouffer*, 168 F.3d at 1163.  In this case there is no evidence one way or another about the reason for counsel's decision.  With nothing more than conclusory allegations, defendant has failed to meet his burden of proving counsel was constitutionally ineffective.

### c.  Failure to object to lay testimony

Defendant next contends that counsel failed to object to the testimony of Deputy Mohan, the officer who seized and retained custody of the evidence obtained from the search of defendant's residence, when Mohan offered his opinion as to the possible illegal uses of various pieces of evidence.  For instance, Mohan testified that sandwich baggies  are commonly used by traffickers or people who sell illegal narcotics to package the illegal narcotics for distribution, that scales are "commonly used for distribution when they weigh out the amount of illegal narcotics for packaging so that they can get an exact amount, that smaller bags or bags of different colors are used to distinguish certain amounts of narcotics, and that VitaBlend Mannitol is commonly used as a cutting agent in cocaine.  (Doc. 75 at 30, 31, 33, 35).  Defendant contends that Mohan was not introduced as an expert, no foundation for his opinion was suggested, and nothing was stated as to whether his opinion was admissible lay testimony.  Therefore, he concludes that counsel was ineffective for his failure to object to the introduction of this testimony pursuant to Fed.R.Evid. 701.  In fact, Mohan testified that during his employment of more than seven years with the Sheriff's Office he had been involved in "hundreds" of

narcotics investigations. (Doc. 75 at 25). Thus, Mohan's own testimony provided the foundation for establishing his personal knowledge of the general practices of drug distributors, see Fed.R.Evid. 602, 701, and there was no basis for counsel to object.

###### d. Failure to object to improper prosecutorial remarks

Defendant claims that the prosecutor made improper remarks that deprived him of a fair trial.   In particular, defendant cites the following portion of the government's opening statement in which it described the case as:

> investigation by local and federal authorities into the defendant as a drug dealer here in Pensacola.   The investigation led to a search warrant signed by a judge based on probable cause on the defendant's house on August 19, 2005.   The authorities found evidence of drug dealing and evidence of firearms.

(Doc. 75 at 10-11).   He faults counsel for failing to object to these statements, and claims counsel should have moved for a mistrial.   Defendant claims that the remarks were inflammatory and prejudicial.   He states that the investigation of him was "not a major event" and that none of the witnesses testified that they saw him distribute cocaine.   Defendant's position ignores the fact that he was charged with possession with intent to distribute a controlled substance, which, in common parlance, would make his a "drug dealer."   The prosecution's statements were not unsupported by the evidence that was ultimately introduced, and he has not shown that his attorney was constitutionally ineffective for his failure to object.

###### e. Unfair prejudice from introduction of 404(b) evidence

Defendant claims that he was unfairly prejudiced by the introduction of evidence of "unverified prior convictions."    The district court's alleged misapplication of Fed.R.Evid. 404(b) was raised on appeal.   (Doc. 86 at 7-10; doc. 107, exh. 3).   The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.

*United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *Hidalgo v. United States*, 138 Fed.Appx. 290 (11th Cir. 2005).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").  Because the appellate court clearly ruled on the exact arguments made in this case, defendant's attempt to litigate this issue in this collateral proceeding is procedurally barred.

      **f.  Failure to "properly advocate" lesser included offense of simple possession**

      Defendant contends that trial counsel was ineffective by acquiescing to an "all or nothing" verdict, rather than insisting that the court give the lesser included offense instruction regarding simple possession.  In fact, counsel did make such a request, but it was denied.  (Doc. 75 at 76-78).  This issue was raised on appeal.  In considering whether the trial court erred for refusing to instruct the jury on the lesser included offense of simple possession when a rational juror could have found him guilty of the lesser offense, the appellate court explained that "in the context of possession and distribution of drugs, where the factual issues are the same for both the lesser offense of possession and the greater offense of distribution, the instruction on possession is not required." (Doc. 86 at 12, citing *United States v. Catchings,* 922 F.2d 777, 780-781 (11th Cir. 1991); *United States v. Pirolli*, 742 F.2d 1382, 1387 (11th Cir. 1984)).  The Eleventh Circuit found that the lesser included instruction was not required in this case, as the facts involved in the two offenses

were the same.  It noted that in contrast to a case cited by appellate counsel, law enforcement seized items consistent with drug distribution from defendant's home, including baggies, scales and cutting agents, and there was no evidence of personal use.  Defendant now contends that in fact there was evidence of personal use, including a marijuana roach, 3 smoking devices, a marijuana cigar, rolling papers and a plastic straw for snorting with residue, and complains that counsel did not introduce this evidence.  The only item relevant to personal use of *cocaine,* the controlled substance charged in this case, was the plastic straw.  Additionally, even though the simple possession instruction was not given, the record reflects that counsel argued that the quantity of cocaine seized, and the evidence as a whole, was insufficient to establish defendant's intent to distribute. (Doc. 75 at 84-85). Absent the lesser included offense instruction, had counsel convinced the jury that defendant had possessed cocaine only for personal use, he would have been acquitted of the drug charges.  The jury obviously was unconvinced by counsel's suggested interpretation of the evidence, and found defendant guilty of possession with intent to distribute.

### g.  Counsel failed to examine the defendant's prior conviction

Defendant claims that his trial counsel failed to examine his prior record because close examination of his record and the factual basis underlying previous convictions would have revealed that the armed career criminal enhancement should not have applied to him.  As discussed previously, the ACCA enhancement was properly applied and counsel was not constitutionally deficient.

### Ineffective assistance of Appellate Counsel

### 1.  Failure to review record and consult with defendant prior to filing brief

Defendant asserts that appellate counsel was constitutionally ineffective because he did not include issues related to the suppression hearing and the motion

to compel the government to disclose the identity of the confidential informant were not included in the appellate brief. Chet Kaufman, defendant's appellate counsel has filed an affidavit in response to defendant's claim.  He notes that while there is "some truth" to defendant's statement that he did not review the entire record before filing the appellate brief, it did not adversely affect the brief he prepared.  Counsel explained that upon receiving the appellate file, he and his assistant ordered transcripts of all proceedings listed on the docket.  (Doc. 107, exh. 1).  He received and reviewed transcripts of the trial, sentencing and suppression hearing.  He did not receive the transcript of the jury selection proceeding, an omission that did not appear significant "because trial counsel did not indicate that any possible appellate issues had arisen in the course of jury selection, whereas the record otherwise presented a number of appealable issues.  (*Id.*).  Counsel reviewed the record, prepared the Initial Brief and sent the defendant a letter along with the brief, explaining some of the decisions he had made. Defendant then called him to discuss the brief and told him that there was a pre-trial hearing that counsel had failed to discuss.  Mr. Kaufman reviewed the docket and contacted trial counsel, Mr. Keith, who told Kaufman that he did recall something coming up during jury selection. Kaufman promptly procured a copy of the transcript of jury selection.  After review of that transcript, Kaufman wrote another letter to the defendant explaining what had happened, what the transcript had revealed and his conclusion that there was no additional information to support a claim of error.  He found no reason to correct or amend the Initial Brief based on his review of the jury selection transcript, (doc. 107, exh. 1 at 2), and the court does not find this conclusion to have been constitutionally deficient.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of

professional judgment, decides not to do so.  *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313.  The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective.   *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed. 2d 434 (1986).  To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal.  *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).  Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit."   *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also *Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  And, where the case law at the time of the direct appeal is not clear on an issue, appellate counsel's performance does not fall below the "objective standard of reasonableness" for failing to raise it.  *See Jones v. United States,* 224 F.3d 1251, 1258-59 (11th Cir. 2000); *Chateloin v. Singletary,* 89 F.3d 749, 754 (11th Cir. 1996).  An informed decision based on reasonable professional judgment not to pursue a particular issue on appeal does not render counsel's performance deficient.  See *Griffin v. Aiken,* 775 F.2d 1226, 1235 (4th Cir. 1985).

        In this case, defendant complains about the district court's ruling with respect to the revelation of the identity of the confidential informant.  The trial court directed the government to disclose the identity of the CI if it intended to introduce evidence of the controlled buy leading up to the search warrant.  Because the government

elected not to proceed with this testimony, the issue became moot, and it was thus unnecessary to amend or modify the appellate brief.  (Doc. 107, exh. 1, app. 4).

### 2.  Failure to note conflict of interest

Defendant's final claim for relief is that his appellate counsel Chet Kaufman labored under a conflict of interest in representing him, since both Kaufman and trial counsel Thomas Keith worked for the Office of the Federal Public Defender.  He claims that this prevented Kaufman from investigating whether Keith's representation was constitutionally ineffective, as claimed by the defendant in this proceeding.

Defendant is correct that he is entitled to conflict-free counsel.  The United States Supreme Court has held that in order to demonstrate a Sixth Amendment violation based on an attorney's alleged conflict of interest, a defendant must establish both an actual, rather than a speculative, conflict of interest and an adverse effect on the lawyer's performance.  *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719,64 L.Ed.2d 333 (1980); *see also Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002); *Herring v. Secretary, Dept. Of Corrections,* 397 F.3d 1338 (11th Cir. 2005); *Quince v. Crosby*, 360 F.3d 1259, 1264 (11th Cir. 2004); *Burden v. Zant*, 24 F.3d 1298, 1304 (11th Cir. 1994);  *United States v. Novaton*, 271 F.3d 968, 1010-1011 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 2345 (2002).  Anything less than an actual conflict "is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719. Thus, a possible, speculative or merely hypothetical conflict does not suffice. *Porter v. Singletary*, 14 F.3d 554, 560 (11th Cir. 1994); *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir.1987). "To succeed on an ineffective-assistance claim based on a conflict of interests, an appellant must show specific instances in the record that 'demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" He has failed to demonstrate such a conflict in this case.

Finally, the issue of Keith's ineffectiveness was not before the appellate court. As noted above, ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003). The appellate court was to consider whether there was any error by the trial court, and defendant has not explained how his continued representation by the office of the Federal Public Defender prevented presentation of any meritorious claims of error. There was no conflict of interest and defendant is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 97) be DENIED.

At Pensacola, Florida, this 8th day of January, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).